**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1823

UNITED STATES,

Appellee,

v.

WILFREDO FIGUEROA-ZAPATA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Maria H. Sandoval on brief for appellant.
    H.S. Garcia, United States Attorney, Nelson Perez-Sosa, Assistant United States Attorney, and Lynn M. Doble-Salicrup, Assistant United States Attorney, on brief for appellee.

August 26, 2004

**Per Curiam**. After a thorough review of the record and of the parties' submissions, we affirm the district court's decision denying the request for pre-trial release. The defendant/appellant, Wilfredo Figueroa Zapata ("Figueroa"), faces a controlled substance charge carrying at least a ten-year maximum sentence; indeed, he faces a possible maximum sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A). Therefore, it is presumed that no condition or combination of conditions will reasonably assure the safety of the community if Figueroa is released. See 18 U.S.C. § 3142(e). Figueroa's arguments that he only bought from, and did not sell to, the lead defendant in this case, and that he dealt no more than five kilograms of cocaine, are wholly unconvincing.

Figueroa argues that the district court did not, as it should have, focus on whether he was likely to resume illegal drug dealing if he were released. Given the evidence presented at the detention hearing, the district court was not required to conclude that the conspiracy had shut down or that Figueroa would not resume his illegal activities if released. We find no error in the district court's decision that Figueroa had not overcome the presumption.

Figueroa introduced into evidence letters of support from his family and friends, and he argued that these along with family medical concerns offered additional reasons to release him pending trial. This evidence arguably tends to rebut the presumption that

-2-

Figueroa might flee pending trial (though we take no position on that question); but the district court based its detention decision on dangerousness, not on the relative risk of flight presented.  It is that decision we review.  We see no error in the decision.

We deny as moot Figueroa's motion to reconsider this court's order extending the government's deadline for filing its brief; and we note that the extension of time was appropriate, given that the court also had granted appellant an extension of time within which to file certified translations in support of his appeal.

Affirmed.  See 1st Cir. R. 27(c).